UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:13-cr-40031-TSH |
| | ) | |
| NHI LE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S EMERGENCY MOTION FOR A BILL OF PARTICULARS AS TO COUNT I, II AND III OF THE SECOND SUPERCEDING INDICTMENT

The defendant hereby moves this Honorable Court to order the government to provide her with a bill of particulars as to the offenses charged in Count I, II and III of the second superseding indictment. Said Indictment was returned on or about June 1, 2017 – 6 days ago and a mere 14 days before trial is scheduled to commence.

Count I charges her with conspiracy to manufacture, to possess with intent to distribute, and to distribute marijuana. Count II, charges her with manufacturing and possession of marijuana with the intent to distribute – aiding and abetting. Count III, charges her with maintaining a drug-involved premises – aiding and abetting.

As reasons for this request the Defendant states the following:

Count I, Count II and Count III fail to provide with specificity the time, place, manner and means of the allegations contained within, to permit counsel to prepare a proper defense.

**Count I:**

The dates: "From date *before*, up through and including October 2011, the *exact date being unknown*, and continuing until on or about September 25, 2013". (emphasis added)

The location: "at Webster, in the District of Massachusetts, *and elsewhere*".

The conspiracy: "the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with *other persons both known and unknown* to the Grand Jury".

1

The alleged act: "to *manufacture*, to *possess with intent to distribute*, *and to distribute* marijuana".

Furthermore, Count I alleges: "with respect to Count One, one hundred (100) or more marijuana plants . . . are *attributable to*, and were *reasonably foreseeable* by the defendant".

From discovery provided to the defendant, the above Counts are based on evidence seized, pursuant to a search warrant executed on or about September 25, 2013 on 11 Oakwood Drive, Webster Massachusetts. The evidence seized from this location included a number of marijuana plants and the defendant and Diep Pham were arrested at that location.

The dates provided in Count I lack sufficient specificity: "From date *before*, up through and including October 2011, the *exact date being unknown*, and continuing until on or about September 25, 2013".   The defendant requires the exact dates of the alleged criminal conduct to properly prepare for trial.

The location provide in Count I lacks sufficient specificity: "at Webster, in the District of Massachusetts, *and elsewhere*".   The defendant requires the exact locations where any alleged criminal conduct occurred.

Regarding the conspiracy, Count I lacks sufficient specificity as to who if anyone the defendant conspired with to commit the alleged criminal acts. "the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with *other persons both known and unknown* to the Grand Jury". Count I is silent as the names of the alleged co-conspirators.

The alleged act in Count I lacks specificity: "to *manufacture*, to *possess with intent to distribute*, *and to distribute* marijuana". It is not known to the defendant how she specifically is alleged to have (1) manufactured, (2) possess with intent and (3) distributed marijuana.

In regard to the alleged number of marijuana plants: "with respect to Count One, one hundred (100) or more marijuana plants . . . are *attributable to*, and were *reasonably foreseeable* by the defendant", Count 1 lacks specificity as to how any such plants were attributable and reasonably foreseeable to the defendant.

2

**Count II**

The alleged act in Count II lacks specificity: "*manufacturing* and *possession of marijuana with the intent to distribute* – aiding and abetting". It is not known to the defendant how she specifically is alleged to have (1) manufactured, and (2) possess with intent to distribute marijuana. It is further not alleged how and with whom the defendant allegedly committed said acts, to wit: aid and abet.   Additionally, Count II fails to specify how 100 or more marijuana plants are attributable to the defendant.

**Count III**

The alleged act in Count III lacks specificity: "maintaining a drug-involved premises, aiding and abetting".   From the language of the indictment, it is not known to the defendant how she specifically is alleged to have (1) leased, (2) rented, (3) used, and (4) maintained the house alleged. It is further not alleged how and with whom the defendant allegedly committed said acts, to wit: aid and abet.

The defendant states there is nothing in the language of the indictment or, as far as she knows, nor in the discovery produced by the government to date, that fairly puts her on notice as to what acts or other evidence, including the alleged aiding and abetting, that she needs to refute in her own defense. Without further particulars as to her alleged acts and state of mind either as a principle or aider/abettor, and the names of alleged co-conspirators, she is unable to fairly defend the charges against her.

WHEREFORE, the defendant respectfully requests that this motion be allowed and that the government be ordered to file a bill of particulars forthwith as the trial herein is set to begin on June 16, 2017.

>Respectfully submitted:
>NHI LE,
>By her attorney:
>
>*/s/ Blake J. Rubin*
>Blake J. Rubin
>285 Main Street
>Worcester, MA 01608
>(BBO # 630777)
>(T) 508.791.8585
>(F) 508.753.7564
>Blake.rubin.law@gmail.com

Date:   June 7, 2017

## DEFENDANT'S CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 7, 2017.

>*/s/ Blake J. Rubin*
>Blake J. Rubin