UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:13-cr-40031-TSH |
| | ) | |
| NHI LE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR EXPENSES – TRANSCRIPT OF R.11 HEARING**

Now comes the defendant in the above captioned matter, and hereby moves this

Honorable Court, pursuant to the Criminal Justice Act, 18 U.S.C. Section 3006A(e), to

issue an order for the authorization of the payment of funds, not to exceed fifty ($50.00)

Dollars to reimburse the court reporter for a transcript she produced in the instant matter.

The Government has already requested a copy and provided a copy to counsel.

The transcript is for a R.11 hearing for a co-defendant, Ut Le. The Court stenographer has

indicated the cost for that copy will not exceed $50.

Furthermore:

1.  The Criminal Justice Act requires prior judicial approval for the expenditure of

    services costing $800 or more.

2.  Access to an expert is necessary for the investigation and preparation of the

    defendant's case, to safeguard her Sixth Amendment rights to present a defense,

    to confront witnesses against her, and to protect her Fifth Amendment right to due

    process of law.   Indigent defendants who cannot afford their own experts must

    receive the "raw materials integral to the building of an effective defense" since

    constitutional due process requires more than "mere access to the courthouse

1

doors." See <u>Ake v. Oklahoma</u>, 470 U.S. 68, 77 (1985).   This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of her poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which her liberty is a stake.   <u>Id.</u> at 77.   United States Constitution, amends. V and VI.

3. Defense counsel in good faith asserts that the requested funds are reasonably necessary to assuring the defendant as effective a defense as he would have had if he had been financially able to pay.

For all the above stated reasons, Counsel respectfully requests this Court grant the defendant's request for funds in the amount of $50.00.

Respectfully Submitted
NHI LE,
By her attorney:

*/s/ Blake J. Rubin*
Blake J. Rubin
285 Main Street
Worcester, MA 01608
(BBO # 630777)
(T) 508.791.8585
(F) 508.753.7564
Blake.rubin.law@gmail.com

Date:   <u>6/12/17</u>

## DEFENDANT'S CERTIFICATE OF SERVICE

I, Blake J. Rubin, attorney for the defendant, hereby certify that document above was filed through the ECF system and will be sent electronically to the registered participants as identified in the Notice of Filing (NEF) and to Pre-Trial Services by electronic mail on same date.


/s/ Blake Rubin
Blake J. Rubin


Dated: 6/12/17